O'LEARY, Respondent, v. ROWAN, Appellant.

1. In an action to recover damages for an assault and battery, where the petition is general, containing no allegation of any special damage, the plaintiff may give evidence of any damages naturally and necessarily resulting from the act complained of; where the damage is consequential, it must be specially set forth in the petition. The plaintiff could not recover a doctor's bill, incurred in consequence of the battery, unless such resulting damages were specially set forth.
2. To justify an assault on the ground that it was made in repelling an attack, it must appear that the force used was necessary to repel such attack and was appropriate in kind and suitable in degree.

*Appeal from St. François Circuit Court.*

This was an action for an assault and battery. The petition charges that the defendant on the 6th of May, 1858, assaulted and beat plaintiff with a rock, and assaulted and cut plaintiff with a knife, and inflicted divers wounds and bruises with said rock and knife in and upon the head, arms and side of plaintiff, by which plaintiff was damaged five hundred dollars. The defendant's answer was a general denial of all the allegations of the petition.

The court, of its own motion, instructed the jury as follows: " 1. If the jury find that the defendant wantonly and without sufficient cause committed the assault and battery on the plaintiff, they will find for the plaintiff such damages as, under all the circumstances, they may think proper; and in estimating the damages they may take into consideration the pain, sufferings, mental anguish and wounded feelings of the plaintiff in consequence of such assault. 2. If the jury find that the defendant committed the assault and battery complained of, the plaintiff is entitled to his verdict, unless defendant, by evidence on his part, or from the evidence introduced by the plaintiff, has shown and satisfied the jury that the assault was made by the defendant in self-defence or in lawfully repelling the attack made upon him by the plaintiff. 3. If from the evidence in the cause the jury find that the attack was first made on the defendant by the plaintiff,

and that in resisting the attack the defendant used no more force than was necessary to repel it, and place himself out of danger, they will find their verdict for the defendant."

The court refused the following instructions asked by defendant : " 1. If the jury find from the evidence that the plaintiff assaulted the defendant, and that the injury inflicted upon the plaintiff was done by defendant in defending himself against such assault, then the plaintiff is not entitled to recover, and in such case the burden of proof devolves upon the plaintiff to show, that the defendant made the first assault. 2. If the jury find from the evidence that the assault of the defendant upon the plaintiff was sought for and brought on by the plaintiff himself, then he is not entitled to recover, and in such case the jury will find for the defendant. 3. Unless the jury find from the evidence that the wounds inflicted upon the plaintiff was done by defendant maliciously and without any sufficient cause or provocation, they can not find [exemplary] damages from the circumstances of the case in this proceeding."

*Carter*, for appellant.

I. The court erred in overruling the defendant's application for a change of venue ; so in overruling the motion for a continuance ; also in refusing the instructions asked by the defendant. The second instruction asked should have been given. The third lays down a correct rule with respect to vindictive or exemplary damages. The instructions given did not place the law fairly before the jury.

*Beal*, for respondent.

I. The court properly refused the instructions asked. (See 27 Mo. 26, 32 ; 15 Mo. 62, 359 ; 10 Mo. 600, 468, 507.)

EWING, Judge, delivered the opinion of the court.

This was an action of trespass for an assault and battery upon the person of the plaintiff. The declaration is general, containing no allegation of any special damage ; nor does it

state that the wounding, bruising, &c., was followed by any particular ill-consequences.

The bill of exceptions shows that on the trial of the cause the plaintiff introduced the physician who attended him in consequence of the injury, who, after testifying as to the nature and appearance, &c., of the wounds occasioned by the battery, was asked by the plaintiff as to the amount of his bill for attention and services, to which defendant objected; but the objection was overruled, and the evidence allowed to go to the jury. Was this evidence admissible upon the allegation of the petition? We think not.

In actions of this kind it is not necessary to make any special averment of matters which are the legal and natural consequences of the tortious act, for these the wrongdoer is presumed to anticipate, and can not therefore be taken by surprise in proof of them. The plaintiff may, therefore, under the usual allegation of assault and battery, give evidence of any damages naturally and necessarily resulting from the act complained of; for in such cases the law implies the damage. But where the damage is not thus directly connected with the act, or is consequential, as it is sometimes termed, then there is no such legal implication, and it must be specially laid in the petition. (See 2 Greenl. Ev. § 89; 1 Chitty Pl. 44.) As to the common law forms of declarations in such actions, see 2 Chitty Pl. 856.

The answer of the defendant is a denial of the battery; he does not justify under the plea of *son assault desmene*. Under such a plea the defendant must show that the plaintiff committed the first assault, and that what was done by him was thereupon done in necessary defence of his own person. (2 Greenl. Ev. § 96.) The first instruction asked by the defendant was therefore wrong. The second is also erroneous; for if the assault was made by the defendant in repelling the plaintiff's attack, he was not therefore justified, unless the force used by him was necessary to repel it and was appropriate in kind and suitable in degree. (2 Metc.

23.) The third submits a question of law to the jury, and was properly refused.

The instructions given by the court on its own motion presented the law correctly to the jury.

As the case goes back, it is necessary to notice the points made upon the application for a change of venue and a continuance.

Judgment reversed and the cause remanded; the other judges concurring.