Jerry F. Brosnahan, Respondent, v. Philip Best Brewing Company, Appellant.

Kansas City Court of Appeals, May 23, 1887.

1. Principal and Agent—Limit of Powers of Agent.—In order to bind the *principal*, the act of the agent must be within the line of his agency.

2. Practice—Objections Not Raised by Motion for New Trial Not Reviewable.—This court will not consider an objection which was not raised by the motion for new trial.

Appeal from Jackson Circuit Court, Hon. Turner A. Gill, Judge.

*Affirmed.*

The case and facts are stated in the opinion.

TOMLINSON, ROSS & DEW, for the appellant.

I. The court erred in the *instruction* given plaintiff, because material parts of it are not based *upon any evidence;* and because it is misleading. The possession taken by defendant was not unlawful, but by invitation and *request* of plaintiff's agent. Again, there was no evidence that the *business was of any value.* It was, therefore, misleading to the jury to insert such language as was contained in the instruction.

II. The verdict was *against* the evidence, the damages being far in excess of the value of the things taken. The excessive verdict is a circumstance which shows that the jury was *actually misled* by the faulty instruction. Such a verdict will be set aside by the appellate court. *Howard v. Coshow*, 33 Mo. 118; *Morris v. Barnes*, 35 Mo. 412; *Nelson v. Boland*, 37 Mo. 432; *Fury v. Merriman*, 45 Mo. 500. And in cases of conversion of personal property where the verdict is either too large or too small, and is against the evidence, the appellate court will set it aside and reverse the judgment. *Nicholson v. Conch*, 72 Mo. 209; *Watson v. Harmon*, 85 Mo. 443.

PEAK, YEAGER & BALL, for the respondent.

I. Respondent submits that the *instruction* given by the trial court is the law, and that the *measure of damages* was correctly given to the jury, viz: "And if you find for the plaintiff (respondent), then the measure of damages will be the value of the property so taken by said defendant, with interest at the rate of six per cent. from the time of such taking." We deem it useless to cite authorities to show that the above is the correct doctrine as to the measure of damages in cases of this kind.

II. The *only other contention* is, that the finding was *against the evidence.* We submit that the case was *fairly tried* under as favorable declarations of law as the appellants *were entitled to,* and that the evidence amply *supports the verdict.* When there is *any* evidence to support the verdict, the appellate court will not interfere. We submit that the verdict *was for the right party,* and should be approved.

PHILIPS, P. J.—This is an action in the nature of an action of conversion. The petition recites that plaintiff was the owner of a saloon and certain fixtures and goods therein, of the value of three hundred dollars; that the defendant wrongfully entered into possession of said saloon, took, and held the same, and converted to his own use, the property, etc.

The answer was a general denial.

The plaintiff's evidence tended to show that he was suddenly called from home by the sickness of his father in a distant city, and during his absence he left his brother in charge of the saloon. It appears that the plaintiff was indebted to the defendant, and the brother of plaintiff, not hearing from him for some time, seems to have become apprehensive that he would not return, and, at the instance of the defendant, gave up the possession of the saloon, with its contents, to defendant, who entered, and afterwards made a contract of sale of the same to one McEntee, at the agreed price of three hundred and fifty dollars. The purchaser paid on this contract the sum of one hundred dollars, and was to pay the balance on taking possession. Changing his mind afterwards, he abandoned the contract by losing the amount so paid. The defendant continued to hold the property. Shortly afterwards, the plaintiff returned from his visit. According to his testimony, when he found the defendant in possession of his property, he had the impression that defendant had obtained the same by some judicial proceeding, and asked on what terms he could regain

the possession. The defendant insisting on the payment of the debt owing it by plaintiff, before he would be restored to the possession, the plaintiff instituted this action.

The court gave the following instructions on behalf of the plaintiff:

"This is an action brought by plaintiff against the defendant for taking and converting to its own use, certain property situated at number one thousand, East Fifth street, Kansas City, Missouri, and, if the jury shall believe and find, from the evidence, that the plaintiff was the owner of the property as claimed in the petition, and was engaged in carrying on the saloon business as alleged, and that the said defendant unlawfully, and without consent of the plaintiff, entered into the premises of the plaintiff and took possession of the said property situated thereon, the property of this plaintiff, and converted the same to their use and benefit, and did thereby deprive the said plaintiff of his said property and business, then you will find for the plaintiff."

"And if you should find for the plaintiff, then the measure of damages will be the value of the property so taken by said defendant, with interest at the rate of six per cent. from the time of such taking."

The jury returned a verdict for the plaintiff in the sum of $307.50.

To reverse this judgment the defendant prosecutes this appeal,

I. Criticism is made on the first instruction, because of its employment of the word, "unlawfully." Defendant contends there was no evidence that defendant unlawfully entered into the possession of the property. We are unable to recognize the force of this objection. There can be no pretense of authority from the plaintiff for the act of his brother in turning over the property to defendant. It was not an act within the line of his agency. He did not have even the apparent authority to so dispose of his employer's property. The defend-

ant had no right to assume the existence of any such authority from any word or act of the owner of the property. It was a bold attempt on the part of the defendant, either to administer on the estate of the living, or to pay itself by seizing, without legal process, his property in his temporary absence. The act was unlawful.

II. The chief contention of defendant, however, is, that the verdict was excessive, for a greater sum than the evidence warranted. We will not consider this objection, because no such question was raised by the motion for a new trial. The ground assigned in the motion for new trial is, that " the verdict of the jury is against the evidence, and the weight of evidence." This is not sufficient to raise the question sought to be reviewed. *Ray v. Thompson, post,* p. 431, and citations.

Perceiving no error in this record, the judgment of the circuit court is affirmed. All concur.

