BROWN *et al.* v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Practice.** Where all the issues tendered by the plaintiff are supported by evidence, and there is evidence of a contrary character, the case should be submitted to the jury.

2. ——: NEGLIGENCE. In an action for personal injuries, where the testimony of the plaintiff is clear, and to the effect that she used due care, and it cannot be said on all the evidence that she was guilty of negligence, whether she was, or not, is a question for the jury.

3. ——: ——: DEPARTURE. Where the negligence alleged in the petition is that defendant failed and neglected to construct and maintain a good and sufficient crossing, and permitted the same to be, and remain, in a dangerous condition, and wholly insufficient for safe passage across the railroad, an instruction, declaring it to be the duty of the defendant to maintain a crossing that would be reasonably safe and convenient, for public travel, constitutes no departure from the pleadings.

4. ——: ——: INSTRUCTION. An instruction which declares that it is not sufficient that a railroad crossing be so constructed that it is possible to safely pass over it, but that it should be so constructed and maintained as to be reasonably safe and convenient for public travel, by persons exercising ordinary care, states a correct proposition of law, and is not argumentative.

5. ——: ——: ——. The difference between the expression "reasonably safe and convenient," used in plaintiff's instruction, and "reasonably safe," as used in defendant's, does not make them inconsistent.

6. **Pleading:** GENERAL DAMAGES. General damages are such as the law implies, or presumes, to have occurred from the wrong complained of, and they need not be pleaded. In such cases, the wrong itself fixes the right of action.

7. ——: SPECIAL DAMAGES. Special damages are such as really took place, and are not implied by law. They are either superadded to general damages, from an act injurious in itself, or are such as arise from an act, not actionable in itself, but injurious only in its consequences; they must be stated in the petition with a reasonable degree of particularity, and it must appear that the damage is the natural, though not necessary, consequence of the wrong.

8. ——. Facts which are necessarily implied from those alleged need not be stated.

9. **Practice:** DAMAGES: PAIN AND ANGUISH: EVIDENCE. It is not necessary to make specific proof of pain and mental anguish. These elements of damage are sufficiently shown by the evidence, which discloses the nature, character and extent of the injuries. From such evidence the jury may infer pain and mental anguish.

10. ——: ——: ——. Where bodily injuries are alleged in the petition, and proof thereof made upon the trial, and the person injured is the plaintiff, physical pain and mental anguish are proper elements of damage, though not stated in the petition.

11. ——: INSTRUCTIONS. It is not error to refuse instructions when the principles they announce are embraced in others given.

12. **Damages:** EXCESSIVE VERDICT. The evidence examined, and held that a verdict in this case for $2,725 for personal injuries is not excessive.

*Appeal from Clinton Circuit Court.*—Hon. J. M. Sandusky, Judge.

Affirmed.

*Strong & Mosman* for appellant.

The court erred in overruling the demurrer to the evidence. There was no showing that the crossing was not good and sufficient. (2) The court erred in giving

to the jury the first instruction asked by plaintiffs. The proof, without conflict, showed a good and sufficient crossing, reasonably safe to persons using ordinary care, while passing over it. It was error to submit that question to the jury on that proof. *Boland v. Railroad*, 36 Mo. 491; *Chouteau v. Searcy*, 8 Mo. 737; *Georges v. Huffschmidt*, 44 Mo. 180. (3) The plaintiffs' third instruction was argumentative, a comment on the evidence, and was error. *Gillian v. Ball*, 49 Mo. 250. (4) The court erred in giving the third instruction prayed by plaintiffs. (*a*) There was total failure of proof of the negligence alleged. *Railroad v. Jones*, 95 U. S. 439; *Kitteringham v. Railroad*, 62 Iowa, 285; *Dungan v. Champlain Co.*, 56 N. Y. 1; *Odell v. Solomon*, 29 N. Y. 685. (*b*) The court erred in refusing to limit, in proper terms, the measure of plaintiffs' damages, recoverable under the pleadings. She alleged "bodily injuries" only. The jury were told to compensate her for "physical pain" and "mental anguish" — an issue not made in the pleadings. *Camp v. Heelen*, 43 Mo. 591. (5) The damages are excessive.

*Thos. J. Porter* for respondents.

(1) There was no error in refusing defendant's instruction, in the nature of a demurrer to the evidence. *Routsong v. Railroad*, 45 Mo. 236; *Bowen v. Lazalere*, 44 Mo. 383; *McFarland v. Bellows*, 49 Mo. 311; *Wilson v. Board of Ed.*, 63 Mo. 137; *Noeninger v. Vogt*, 88 Mo. 589; *Buesching v. Gas Light Co.*, 73 Mo. 219. The evidence not only properly carried the case to the jury, but presented to them an unusually strong case in favor of the plaintiff. (2) The objection to the first instruction for plaintiff is not tenable. The negligence alleged in the petition is, that defendant "failed and neglected to construct and maintain a good and sufficient crossing," and in "permitting said crossing to be, and remain, in a dangerous condition, and wholly insufficient for safe

passage across said railroad." It was the duty of the court to instruct the jury as to what, in law, is a "good and sufficient crossing," and the court correctly defined it as one which "would be reasonably safe and convenient for public travel, by persons exercising ordinary care." It would have been error to leave it to the jury to erect their own standard, and determine for themselves what constitutes a good and sufficient crossing. *Boogher v. Neece*, 75 Mo. 384; *Hudson v. Railroad*, 53 Mo. 525; *Morgan v. Durfee*, 69 Mo. 469; *Railroad v. Cleary*, 77 Mo. 634. A crossing which is not reasonably safe and convenient for public travel, by persons exercising ordinary care, is clearly not a good and sufficient crossing. (3) The second instruction for plaintiff properly defined the measure of damages. *Russell v. Columbia*, 74 Mo. 480; *Whalen v. Railroad*, 60 Mo. 323. It is not necessary to allege physical pain and mental anguish, in an action for a physical injury, to authorize their consideration in estimating the damages. The statute required a "plain and concise statement of the facts constituting the cause of action." The facts constituting the cause of action are the insufficiency of the crossing, the consequent overturning of plaintiff's wagon, and the physical injury caused thereby. The nature and extent of the bodily injuries were proven without objection; physical pain and suffering and mental anguish are the natural and inevitable sequence; they are not issuable facts, because, conceding the physical injury, the defendant could not possibly disprove the physical pain and mental anguish; why then require an allegation of facts, the statement of which, in their very nature, conclude the defendant for the reason, they will admit of no controversy. *Burnell v. Railroad*, 14 Mich. 34; *Ransom v. Railroad*, 15 N. Y. 415; *DeForest v. City of Utica*, 69 N. Y. 614; *Curtis v. Railroad*, 20 Barb. 282; *Smith v. Sherman*, 4 Cush, 408; *Vanduslue v. Newton*, 4 N. Y.; *Cook v. Railroad*,

19 Mo. App. 329; *Railroad v. Curry*, 64 Tex. 85; *Morse v. Railroad*, 10 Barb. 621. (4) The third instruction given for the plaintiff is not objectionable; it announces the law. It certainly is no more argumentative than the second and third instructions given for the defendant. Taken in connection with the defendant's third instruction, the defendant could not have been injured by it. All the instructions should be taken and considered together. *Karle v. Railroad*, 55 Mo. 476; *Whalen v. Railroad*, 60 Mo. 323; *Noble v. Blount*, 77 Mo. 235. (5) The damages are not excessive. Two juries have passed upon that question, and the circuit court twice refused to interfere with the verdict, on that ground. A judgment will not be reversed on the ground that the damages are excessive, when two juries have passed upon it, and the trial court has each time refused to set aside the verdict. *Goetz v. Ambs*, 27 Mo. 28; *Dale v. Railroad*, 63 Mo. 460; *Porter v. Railroad*, 71 Mo. 66. Nor in any case, unless the verdict "be such as, at first blush, would appear the offspring of malice, or exceedingly improper bias, on the part of the jury." *Fallenstein v. Boothe*, 13 Mo. 428; *Woodson v. Scott*, 20 Mo. 272; *Kennedy v. Railroad*, 36 Mo. 351; *Klutts v. Railroad*, 75 Mo. 642.

BLACK, J.—This is a suit by a married woman to recover damages for injuries sustained by reason of a defective crossing at a point where a public road crosses the defendant's track. She and her husband were moving with two teams, and passed over this crossing from the east to the west. The husband drove the forward team, and she followed, driving the other. She says she was looking at the road at the time, and drove in the traveled track and had a gentle team. She passed over the east approach, and, just as she passed over the track, the wagon turned over the south embankment.

The east approach curves a little to the south, is about six feet high at the track, ten feet wide, and twenty feet long. The west approach is about the same height, sixteen feet wide, and twenty-five feet long. The plaintiffs' evidence tends to show that, by reason of some obstructions on the north side of the east approach, the travel is diverted to the south side of that approach; that the south sides of the approaches are not in line, the one on the west being four or five feet north of the other; that the planks on the west side projected over the south edge of the embankment eighteen or twenty inches; that the traveled track on that side of the railroad track was close to the brink; and to cross with perfect safety it would be necessary to turn north when on the railroad track and pass over the ties where the way was not prepared for travel. The road overseer says he called the attention of the defendant's roadmaster to the crossing, and requested him to fix it before the accident in question. The defendant's evidence tends to show that the crossing had been used for eighteen years without accident, and that it could be crossed without danger by the use of ordinary care.

At the request of the plaintiff, the court gave two instructions, which, omitting some unimportant matters, are as follows:

"1. It was the duty of defendant to construct and maintain a crossing and approaches thereto at said place, which would be reasonably safe and convenient for public travel, and if the jury believe from the evidence that defendant failed to construct and maintain such crossing and approaches at said place, and that the plaintiff, without fault or negligence on her part, had her wagon overturned in consequence of such crossing and approaches being insufficient and not reasonably safe and convenient for public travel, whereby said plaintiff received the injury complained of, the jury should find for plaintiff.

"2. The court instructs the jury that it is not sufficient that the crossing is so constructed that it is possible to safely pass over it, but it should be so constructed and maintained in such condition as to be reasonably safe and convenient for public travel by persons exercising ordinary care."

The following, among others, was given at the request of defendant:

"3. The defendant was not required to make the crossing or the approaches thereto absolutely safe for persons using them. The defendant's duty was to so construct the crossing and approaches as to make the crossing reasonably safe to persons using ordinary care, and if the jury believe, from the evidence, that they were in such condition on the fourth day of November, 1883, they must find for the defendant."

1. While there is evidence tending to show that this crossing was reasonably safe, there is evidence to the contrary. There is no dispute about the fact that the two approaches were not in line, and that the travel was necessarily diverted to the south by reason of the telegraph pole on the east approach. The boards which were on the west side of the railroad track, and which would be a guide to one not familiar with the crossing, extended out over the south embankment eighteen or twenty inches. In the language of some of the witnesses, if one does not know the crossing, a wagon is liable to get too far south. The traveled track is about a foot from the brink. One can go further north, but would have to drive off the north end of the plank. The case was properly submitted to the jury; for all the issues tendered by plaintiff were supported by evidence in the case.

2. The testimony of the plaintiff is clear and to the effect that she used due care, and it cannot be said that she was, on all the evidence, guilty of negligence. Whether she was or not was properly submitted to the jury.

3. The negligence alleged in the petition is, that defendant "failed and neglected to construct and maintain a good and sufficient crossing," and in "permitting said crossing to be and remain in a dangerous condition, and wholly insufficient for safe passage across said railroad." The plaintiffs' first instruction makes no departure from the pleadings when it says it was the duty of the defendant to maintain a crossing which would be "reasonably safe and convenient" for public travel. A crossing to be good and sufficient must be reasonably safe and convenient. We do not see any force in the criticism made upon the use of the word convenient. Of what use is a crossing that cannot be used? To be a good one it certainly must be reasonably convenient.

4. The objection to the plaintiffs' third instruction, that it is argumentative, is without merit. The instruction states a correct proposition of law, and was properly given, and especially so in view of the first part of the third, given at the request of defendant.

5. The difference between the expression "reasonably safe and convenient," used in the plaintiffs' instruction, and ":reasonably safe," as used in the defendant's, does not make them inconsistent. There is no substantial difference when applied to a road crossing.

6. As to damages, the court directed the jury to allow such an amount as would be a "reasonable and fair compensation to plaintiff for such injuries received by her as were the direct result of the accident, and in estimating the damages the jury are authorized to consider her physical pain and suffering and mental anguish resulting from such injuries, not exceeding five thousand dollars. Objection is made to this instruction because it allowed the jury to take into their estimation of damages physical pain and mental anguish. That such pain and anguish are proper elements of damage

in cases like this, is not denied, but it is insisted that there is no allegation of any such damage in the petition. The petition states that she "received great and permanent bodily injuries, by which injuries she was confined to her bed for about the space of three months, and is permanently disabled."

General damages are such as the law implies or presumes to have occurred from the wrong complained of, and they need not be pleaded. In such cases the wrong itself fixes the right of action. Special damages are such as really took place, and are not implied by law. They are either superadded to general damages arising from an act injurious in itself, or are such as arise from an act not actionable in itself, but injurious only in its consequences. Special damages must be stated in the petition with a reasonable degree of particularity, and it must appear that the damage is the natural, though not necessary, consequence of the wrong. 1 Chitty's Pleadings [16 Am. Ed.] pp. 411, 414; 2 Sedgw. on Measure of Dam. [7 Ed.] 606, and note; 3 Sutherland on Dam. 426; Bliss on Code Plead. [2 Ed.] sec. 297b; O'Leary v. Rowan, 31 Mo. 119; State to use v. Blackman, 51 Mo. 320. Now, in the present case, the mere statement of a breach of the duty on the part of the defendant to maintain a good and sufficient crossing would show no cause of action at all in favor of the plaintiff. She must show, by her pleading, that she sustained some special damage, and this is done under the code by stating the facts. She does state that, by reason of the defective crossing, she received great and permanent bodily injuries. The sole question then is, whether this statement is sufficient to include damages for physical pain and mental anguish.

Facts which are necessarily implied from those alleged need not be stated. Bliss on Code Pleading [2 Ed.] sec. 176. Physical pain and mental anguish usually, and to some extent, necessarily flow from, or

attend, bodily injuries. It is not necessary to make specific proof of pain and mental anguish. These elements of damage are sufficiently shown by the evidence which discloses the nature, character and extent of the injuries.. From such evidence the jury may infer pain and mental anguish. *C. B. & Q. Railroad v. Warner*, 108 Ill. 538; s. c., 18 Am. & Eng. R. R. Cases, 100; *T. & P. Railroad v. Curry*, 64 Tex. 85. It follows, from what has been said, that where bodily injuries are alleged in the petition and proof thereof made upon the trial, and the person injured is the plaintiff, physical pain and mental anguish are proper elements of damage, though not stated in the petition.

7. The refusal of the court to give the defendant's fifth and sixth instructions constitutes no error, for the reason that they are embraced in one given by the court of its own motion. This instruction excluded all damages arising from loss of the wife's services on account of impaired ability to work, on the ground that such services could only be sued for by the husband. Whether the instruction should have been given, under our present married woman's act, is a question which we do not consider.

8. The plaintiff had a verdict and judgment for $2,725. The injuries received by her produced pains in the back, loss of memory to some extent, paralysis in one side for three or four weeks, and some hemorrhage, with a tendency to miscarriage, the plaintiff being pregnant at the time of the accident. She was able to do some work in four or five weeks, and to attend to her household affairs in five or six months. She still suffers at times from pains in her sides and lower limbs, and cannot use one arm in lifting, as before the accident. Under these circumstances, we cannot say the damages are excessive.

We see and discover no reason, whatever, why this judgment should not stand, and it is, therefore, affirmed. All concur.