Cook v. Clary.

---

WILSON H. COOK, Appellant, v. THOMAS H. CLARY *et al.*, Respondents.

#### Kansas City Court of Appeals, February 8, 1892.

1. **Replevin:** DAMAGES : LOSS OF USE OF PROPERTY : SPECIAL DAMAGES : PLEADING.   Where plaintiff replevies horses from a constable and the liveryman with whom the constable is boarding the horses, he is entitled, if he prevails, to damages for the loss of the use of the horses, but cannot recover any special damages, such as the money paid for their board, unless it is specially pleaded, and even then, *quære.*

2. **Practice, Appellate :** MOTION FOR NEW TRIAL.   The court cannot consider on this appeal the question of the amount of damages, as the attention of the trial court was not called to it in the motion for a new trial.

*Appeal from the Jackson Circuit Court.*—HON. RICHARD H. FIELD, Judge.

AFFIRMED.

*Teasdale, Ingraham & Cowherd,* for appellant.

(1)   For the purpose of simplifying matters it may be well to concede for the sake of the argument, that where a mortgage, having the mere naked right of possession is deprived of that possession, he cannot recover damages for the loss of the property, for the reason that his possession is not for the purpose of using it, but is for the purpose of foreclosure.   Jones on Chat. Mort. [ 3 Ed.] p. 462.   But here the record shows explicitly that the mortgagee's possession was by the contract, between the parties for the purpose of the beneficial use of the property.   For this reason, he was to get no interest on the money loaned.   Hence, he

stands just as an owner of property, whose possession has been disturbed. He is entitled to reasonable compensation for the loss of the use guaranteed him by the terms of the contract. *State to use v. McKeen*, 25 Mo. App. 657–675; *Burkholder v. Rudrow*, 19 Mo. App. 60; *Anchor v. Walsh*, 24 Mo. App. 97; Greenl. Ev.. [ 14 Ed.] sec. 279. (2) We have been informed that the trial court justifies in part his action in this matter, on the ground that special damages were not claimed in the petition. Now, although no such a point was mentioned at the trial, we wish to cite this court to the case of *Burkholder v. Rudrow, supra.*

*Botsford & Williams*, for respondents.

(1) Appellant was not entitled to have the money paid by himself to respondent Tobener, for keeping the horses during the time they were held by him as bailee, under the writ of attachment, charged against respondents, as damages for the wrongful taking or detention of the property. There were no averments in the petition of any such claim, and the law does not presume or imply it to have accrued by reason of the attachment. *Gray v. Bullard*, 22 Minn. 278; *State to use v. Blackman*, 51 Mo. 320. (2) Neither does the law imply or presume that appellant, as the holder of the pledge or collateral security, under the written instrument by which he obtained possession of the property sued for, was entitled to damages for the loss of the use of such property during the time it was detained by respondents. Cobbey on Replevin, sec. 895, and cases cited; Jones, Chat. Mort. [ 3 Ed.] 452, and cases cited. If, therefore, appellant was, by agreement with his pledgor, to have such use, he should have set forth that fact in his petition, and alleged special damages, by reason of the interruption of this right. Cobbey on Replevin, *supra.*

ELLISON, J.—This is an action in replevin of a pair of horses, which resulted in a judgment for plaintiff by default in the trial court. Proof of damages was made to the court, and a finding of $10 was made by the court. Plaintiff appeals complaining of the amount of damages assessed.

The defendant Clary is the constable who seized the horses in an attachment suit as the property of a third party, and Tobener is a livery-stable keeper, where the horses were kept by Clary after attaching them. Plaintiff was deprived of the use of the horses for twenty-five days, and also paid out to Tobener $25 for feeding and keeping them while held by the constable. Plaintiff was the only witness, and he stated the use of the horses for the time he was deprived of them was worth $100, which, with the $25 paid to the liveryman, made his total claim $125, though he only asked for $120 in his prayer.

It appears that plaintiff was a mortgagee of the property for the sum of $125, and that by agreement he was· to use the horses in consideration that he would charge no interest on the money secured. The petition did not ask for special damages.

Plaintiff asked the court to declare the law to be that he was entitled for the loss of the use of the property to whatever sum the evidence showed him entitled to. This much of the instruction was proper. *Burkholder v. Rudrow*, 19 Mo. App. 60. But the instruction further declares that he should be allowed the sum he paid to the liveryman where the horses were kept by defendant constable. It is not necessary to say whether such claim could be allowed if pleaded, as we regard it as a special damage which should be specially pleaded. For this reason, therefore, the declaration was properly refused.

This brings us to plaintiff's complaint as to the amount of damages which the court assessed. We will

not consider this, as the attention of the trial court was not called to such complaint by the motion for new trial. The motion was based on the following reasons : "*First.* The verdict, finding and judgment are against the law. *Second.* The verdict, finding and judgment are against the evidence. *Third.* There is no evidence to support the verdict, finding and judgment. *Fourth.* The verdict, finding and judgment are against the weight of the evidence. *Fifth.* The court erred in refusing the declaration of law asked by plaintiff." These were not sufficiently specific or definite to bring to the court's attention the particular matter complained of, viz., that the finding was for too small a sum. *Ray v. Thompson*, 26 Mo. App. 431 ; *Bresnahan v. Brewing Co.*, 26 Mo. App. 386 ; *Shockley v. Railroad* ( decided this term ).

The judgment will be affirmed. All concur.