# TILLIE BERGER, by Next Friend, Respondent, v. CHICAGO & ALTON RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, December 1, 1902.

1. **Evidence: CONTRADICTION OF PHYSICAL FACTS: IMPROBABLE ACTS.** While the facts in evidence in this record are improbable, they are not a contradiction of physical facts and the doctrine of Hook v. Railway, 162 Mo. 569, does not apply.

2. ————: **REBUTTAL: COURT'S DISCRETION.** Plaintiff's evidence tended to show that she was riding in the smoking car; defendant's, that she was in the chair car. In rebuttal the court permitted parties who were in the chair car to testify that they did not see plaintiff in that car. *Held,* not an improper exercise of the court's discretion.

3. **Passenger Carriers: DAMAGES: PUNITIVE.** Under the evidence in this cause the question of punitive damage was properly submitted to the jury.

4. ————: ————: **MEASURE OF: SHAME: EVIDENCE.** Specific proof of mental anguish and humiliation is not necessary as they may be inferred sufficiently from the evidence which discloses the nature, character and extent of the injuries.

5. **Evidence: UNASSAILED GENERAL REPUTATION: PASSENGER CONDUCTOR.** Evidence of the general reputation of parties to a forensic proceeding is not competent for the mere purpose of raising presumptions favorable to one party or disadvantageous to another; so where the allegation is that the conductor struck the passenger, evidence of his general reputation, and his general conduct toward ladies especially, is not competent so long as such reputation is unassailed.

## Appeal from Howard Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*F. Houston* and *C. C. Madison* for appellant.

(1)   The plaintiff's story was so improbable and contradictory in itself and the weight of evidence was so overwhelmingly against it that the demurrer should have been sustained.   The very construction of the vestibule renders her story impossible.   The statement of a witness which, from the nature of things, could not be as said, will be treated as unsaid.   And it was the duty of the court under this evidence to give the peremptory instruction asked.   Hook v. Railroad, 162 Mo. 569.   (2)   The court erred in excluding the testimony of witness Barton as to the character, disposition and general reputation of conductor Drake, and as to his general conduct toward passengers and ladies especially, and also the evidence of Drake himself and of the porter with the same purport.   The very essence of this petition is that the conductor "wrongfully, unlawfully, maliciously and wantonly assaulted, pushed, shoved, insulted and ejected plaintiff from said train while the same was in motion."   Best's Principles Ev. (Am. Ed.), secs. 256-7-8; Scott v. Fletcher, 1 Tenn. (Overt.) 488.   (3)   The court erred in giving respondent's third instruction for exemplary damages.   "The wrong must be done with evil intent."   Sedgwick Dam. (8 Ed.), secs. 363, 369, 383; Lewis v. Jannoupoulo, 70 Mo. App. 329; Leahy v. Davis, 121 Mo. 232; Barnett v. Railroad, 75 Mo. App. 446.   Mere indecorous conduct in expelling a passenger is not sufficient cause for the infliction of punitive damages.   Sedgwick Dam. (8 Ed.), sec. 365-6, citing 85 Ky. 307.   (4)   The court erred in giving respondent's second and third instructions. There were no allegations of "shame and humiliation" in the petition.   Nor was any evidence offered to prove any.   The instructions must have pleadings as their basis.   Jacquin v. Cable Co., 57 Mo. App. 320.   (5)   The court erred in admitting the testimony of Adeline Johanning, as evidence in rebuttal.   This was evidence in chief.   From the outset the question of which car the Berger women were in, was a material question.

*Percival Birch* and *Sam C. Major* for respondent.

(1)   The court committed no error in refusing defendant's instruction 1.   If there is any evidence it must go to the jury who are exclusive judges of its weight and sufficiency.   Chamberlain v. Smith, 1 Mo. 482, and all cases following and approving same.   A jury is never bound to believe a witness or witnesses. Hadley v. Orchard, 77 Mo. App. 141; Gannon v. Gas Co., 145 Mo. 502; Keown v. Railroad, 141 Mo. 86; Baird v. Railroad, 146 Mo. 265.   (2)   The fact that the conductor had never before this pushed or knocked any one off the train could have no bearing in this case, and was clearly incompetent.   (3)   The third instruction given at the instance of plaintiff for exemplary damages, correctly declares the law, and should have been given.   Goetz v. Ambs, 27 Mo. 28; Green v. Craig, 47 Mo. 90; Freidenheit v. Edmundson, 36 Mo. 226; Arnold v. Savings Co., 76 Mo. App. 159.   (4)   It is within the discretion of the jury as to whether or not punitive damages will be allowed in any case.   Carson v. Smith, 133 Mo. 606; Callehan v. Ingram, 123 Mo. 372; Nicholson v. Rogers, 129 Mo. 136; 1 Sedgwick on Damages (8 Ed.), sec. 387; 2 Thompson on Trials, sec. 2065; Brown v. Plank Road Co., 89 Mo. 152; Morgan v. Durfee, 69 Mo. 469; Fulkerson v. Mudeck, 53 Mo. App. 151; Carson v. Smith, 133 Mo. 617.   (5)   No distinction as an element of damages, is made between other forms of mental suffering and that which consists of a sense of wrong or insult.   8 Am. and Eng. Ency. of Law (2 Ed.), p. 668, and authorities there cited; Hertpence v. Rogers, 143 Mo. 623; Brown v. Railroad, 99 Mo. 310; Baldwin v. Boulware, 79 Mo. App. 5.   (6)   The testimony of Adeline Johanning was competent.

BROADDUS, J.—This is an action for damages for injury to plaintiff while getting off defendant's train at West Glasgow, Howard County, Missouri, on December 28, 1901.   The allegations of the petition are,

that while the plaintiff, who at the time was a passenger
on defendant's train, was in the act of getting off said
train at said place of injury, she was struck or pushed
by the defendant's conductor which caused her to fall
from the platform of the car on which she was standing,
to the ground, whereby she was seriously injured, two
of her ribs being broken and other hurts sustained.
She claimed both compensatory and punitive damages.
The defendant's answer consists of a general denial and
that plaintiff's injuries were the result of her own
negligence and not the act of the defendant.    The jury
found for plaintiff and gave her $600 compensatory and
$500 punitive damages.

The appellant's contention is that the plaintiff's
story "was so improbable and contradictory in itself,
and the weight of evidence so overwhelmingly against
it" that she was not entitled to recover anything.  There
were only four witnesses who saw the accident, viz.:
Rosa Berger, who testified for the plaintiff; the con-
ductor, Drake; the porter, Wilson; and J. D. Selmeyer
who testified for the defendant.

The plaintiff's evidence was that she with witness
Rosa Berger, her sister-in-law, had got on the train at
Glasgow sometime in the afternoon of the day herein-
before named, for the purpose or returning to West
Glasgow, a station near where they lived; that owing to
the shortness of the distance between the two stations,
defendant's conductor prior to the occasion in contro-
versy had insisted that they ride in the smoker so that
it would enable them when they arrived at their desti-
nation to get off the train more readily; that on the day
in question they took seats in the smoking car and when
they arrived at their destination, as plaintiff was pass-
ing from the platform of the smoking car to the next
car, at the foot of which stood the porter to assist ladies
to alight from the car, the conductor met her and said
in an angry tone: "you get off here!" and struck or
pushed her, which caused her to fall against the side
of the car and to the ground below.  Rosa Berger, her

sister-in-law, corroborated her in almost every particular.

The conductor denies having used harsh or angry words, denies having either struck or pushed her and states that plaintiff and her sister-in-law were not in the smoking car, but were in the chair car, and that when she came out of the car he was on the platform of the smoker, and as plaintiff, who was on the platform of the ladies' car at the time, was about to pass him he put his hand on her shoulder and said to her: "No, step down these steps;" that he said and did this in order to have her go down by the porter who was standing on the ground at the steps to which he directed her, so that he could assist her in getting off the train; that she got off safely, but after she got off she seemed to have slipped and fallen on her hands and knees and left side as the porter had hold of her right arm, and the porter helped her up and asked if she was hurt—she answering that she was not. On cross-examination he was asked if when plaintiff fell her body touched the ground, to which he answered: "No, sir, it didn't, for the porter had hold of her right arm and that kept her from falling to the ground."

The porter, Wilson, testified that plaintiff and her sister-in-law were not in the smoking car but in the chair car; that the plaintiff, who was the last to get off the train, fell as she stepped to the ground off the stool; that she did not go all the way down to the ground because he was helping her, having her by the arm with both his hands; that she only fell on her hands and knees.

J. D. Selmeyer, who was a passenger on the train, was in the smoking car and got off the train before plaintiff. He was standing and looking at her when she fell. When he saw her first she was on the last step, at which time she was standing; from this step she fell, at which time the porter was holding out both his hands towards her in which position he still had them when she went down to the ground.

Dr. Gallemore, a physician and surgeon, testified that the plaintiff had two ribs broken, which he thinks have entirely healed. Plaintiff's testimony was that she suffered greatly and still suffers from her injuries and is not able to perform labor. The plaintiff in rebuttal introduced Adeline Johanning, who was on the train at the time and in the chair car, but did not see plaintiff and her sister-in-law in said car.

We have given enough of the evidence to show its character. If what defendant's witnesses stated in their evidence was true, the plaintiff and her sister-in-law were guilty of deliberate perjury. On the other hand, if they told the truth, the conductor, the porter and Selmeyer were guilty of perjury. This is not a case where witnesses might see the occurrence differently in detail but agree on the main facts; but the difference is radical and irreconcilable.

The plaintiff first stated that the conductor pushed her, and then, afterwards, that he struck her; and other inconsistencies might be pointed out in her evidence. But in that respect defendant's witnesses are equally unfortunate. The conductor is contradicted by the porter, the porter by the conductor; and both by Selmeyer and by Dr. Gallemore. The conductor testified that plaintiff got safely to the ground and then slipped and fell but was prevented from going to the ground by the act of the porter. The porter's evidence was that she fell from the stool while he held her arm with both hands and that her body did not touch the ground; while Selmeyer's testimony is that the porter did not have her by the arm and that she fell to the ground. The physical fact testified to by Dr. Gallemore, a disinterested witness, that two of plaintiff's ribs were broken, was a flat contradiction of both the conductor and porter; for she must have fallen to the ground on upon some solid substance with great force to have produced such a result.

It is presumed that the jury carefully weighed all the testimony and gave to each witness that degree of credit to which he or she was entitled. It is almost in-

credible that the conductor of defendant's train should have been guilty of the outrage with which he was charged, and there seems to have been no sufficient motive, to say the most about it, for the act.

But this is a case not lacking in proof to sustain the allegations of the petition, but where its unreasonableness is attacked. It is not alike upon principle with that cited by the appellant, of Hook v. Railroad, 162 Mo. 569, where it was held: ''Courts will treat as unsaid by a witness that which in the very nature of things could not be as said. The testimony of a witness if in clear contradiction to the physical facts should be disregarded and not submitted for the consideration of a jury, and if so submitted their finding predicated thereon should be disregarded.'' While the facts testified to by plaintiff and her witnesses may be untrue, they are in no sense a contradiction of the physical facts in the case. They are at most only improbable; but that the improbable and unlooked for do sometimes occur is common experience.

Appellant insists that the action of the court in permitting plaintiff in rebuttal to prove by witness Johanning that she did not see plaintiff in the chair car was error and prejudicial to the defendant. We think not. Although plaintiff stated in her evidence as a fact of her case that she was riding in the smoking car, the defendant's evidence tending to contradict and impeach her testimony, and making that point an issue in the case, clearly justifies the court in permitting plaintiff to fortify herself in that respect by the introduction of corroborative testimony. It was a matter within the sound discretion of the court.

It is also claimed that the court erred in giving plaintiff's third instruction for punitive damages. If plaintiff was entitled to recover anything she was entitled to punitive damages, for the act upon which the cause of action was based was both wanton and malicious, and it is so charged. It is not denied that if the act in question was wanton or malicious it was a case for punitive damages.

Defendant objects to plaintiff's instruction as to the measure of damages, in which shame and humiliation are included as elements, as there was no evidence that plaintiff experienced either shame or humiliation. A similar question arose in Brown v. Railroad, 99 Mo. 310, where it was held: "It is not necessary to make specific proof of pain and mental anguish. These elements of damage are sufficiently shown by the evidence which discloses the nature, character and extent of the injuries. From such evidence the jury may infer pain and mental anguish." So if defendant's conductor struck or shoved plaintiff so as to cause her to fall off the train the jury might legitimately infer that in consequence thereof she felt humiliation and shame. It would have been natural for her to have experienced such sensations. Nor was it necessary to allege such in her petition. Brown v. Railroad, supra.

The defendant introduced a witness to prove the character and general reputation of the conductor and as to his general conduct toward passengers, ladies especially. Upon objection to the competency of such evidence, the court excluded it. The reputation of the witness had not been assailed and no attempt was made to impeach him in any manner. But we are cited by defendant to certain authorities, among which is Bests' Prin. of Evidence, secs. 2567-8, to sustain the contention that the court committed error in refusing to admit said evidence. In section 257 the author in formulating a rule uses the following explicit language: "According to the general rule, upon the whole a just one, it is not competent to give evidence of the general character of the parties to forensic proceedings, much less of particular facts not in issue in the cause, with a view of raising a presumption either favorable to one party or disadvantageous to his antagonist." Applying this rule, which is according to universal practice in the courts of the State, the action of the court in the matter was right, and not wrong.

For the reasons given, the cause is affirmed. All concur.