JOSEPH WHITLOCK vs. ANTHONY MUNGIVEN.

JUNE 8, 1914.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Trespass.   Special Damages.   Evidence.*

In an action of trespass for assault and battery, the declaration containing no averment of special damage, but merely the averments usually set forth in a criminal complaint, evidence as to special damage claimed as the result of the personal injury is inadmissible.

*(2)   Trespass.   Special Damages.   Evidence.*

In an action of trespass for assault and battery without averment of special damage, it was error to permit plaintiff to offer evidence as to the continuance of pain and suffering after the date of the writ, and as to plaintiff's condition two years and a half after the assault.

*(3)   Trespass.   Evidence.*

In an action of trespass for assault and battery brought by plaintiff against defendant, the foreman of the X Co., where the assault was alleged to have been committed as the result of a dispute over a demand by plaintiff for wages which defendant claimed he had received, evidence as to the receipt of the wages by plaintiff from the X Co. after the suit was brought was irrelevant and its admission was prejudicial error.

TRESPASS for assault and battery.   Heard on exceptions of defendant and sustained.

PARKHURST, J.   The case is before this court upon the defendant's bill of exceptions duly prosecuted after verdict for the plaintiff, and denial by the trial judge of defendant's motion for a new trial.

The declaration is in trespass for assault and battery, and declares as follows:—"For that the said defendant, at Providence, on, to-wit, the 14th day of May, A. D. 1910, with force and arms, a violent assault in and upon the body of the plaintiff did then and there make, and him the plaintiff, did then and there with like force and arms, beat, bruise, wound and evil entreat, and other wrongs to the plaintiff then and there did, against the peace and dignity of the State, and to the damage of the plaintiff as laid in his writ dated the 21st day of May, A. D. 1910, One Thousand Dollars."

Briefly stated the facts of the case are these: The plaintiff is a carpenter and the defendant a foreman in the employ of the James Hanley Brewing Company, which company has a brewery at the corner of Fountain and Jackson streets, in said city of Providence. On or about May 11th, 1910, the defendant, being in need of the services of a carpenter, telephoned to the office of the carpenter's union, and as a result the plaintiff came to the brewery and was set to work making some minor repairs about the plant. He was employed by the defendant and apparently worked under his direction. He worked from noon until night on Wednesday, May 11th, and all day on Thursday, May 12th, in the year 1910.

His work was finished Thursday evening and the brewery owed him pay for about eleven hours. There is a disagreement at this point between the parties; the plaintiff says that he was not paid on Thursday night and defendant maintains that he paid him on that occasion.

However this may have been, the plaintiff presented himself at the plant on the following morning and made a demand for pay. The defendant refused and told him he had been paid the night before; some discussion followed and the defendant by reason of his duties was obliged to leave the premises and nothing further transpired on this occasion.

Again plaintiff appeared at the plant on Saturday morning, May 14th, 1910, repeating his demands for his pay and it is upon this occasion that there occurred the trouble which is made the basis of this suit. The plaintiff claims that, when he repeated his request for his pay, the defendant with an expression of such a shocking character that plaintiff hesitated about repeating it in court, made just one spring and grabbed him by the shoulders forcing him out of the room. He claims that the defendant twice struck him with his knee thereby greatly aggravating a rupture from which he was suffering. Defendant says that the place wherein this trouble occurred was the shipping room of the brewery, and that by reason of the rolling of casks and barrels upon the floor, it was a very dangerous place in which to stand.

Defendant further says that on the morning in question he and others working there urged the plaintiff to leave and to go to the office with his claim.    This request was made both because he was impeding the course of business on a very busy morning, and, also for his own protection, because of the grave danger of his being seriously hurt by one of the heavy barrels rolling against him.    When the plaintiff refused to heed these requests, the defendant says that he placed his left hand upon the lapel of plaintiff's coat and led him a short way toward the door after which the plaintiff . went away.    Some of the other witnesses present say that the plaintiff did slip or stumble over some inequality on the floor, but defendant and all those present at the time deny that plaintiff was struck or even roughly used in the whole course of the trouble.

The defendant's first five exceptions relate to the denial of his motion for a new trial on the usual grounds that the verdict of the jury was against the law and the evidence and the weight thereof.    Inasmuch as we find that there must be a new trial because of the improper admission of evidence, we do not pass upon the weight of the evidence at this time, and these exceptions are therefore disregarded.

(1)    The remaining exceptions (Nos. 6–11, inclusive), relate to the admission of evidence of special damages suffered by the plaintiff, there being no allegations in the declaration to apprise the defendant of such claims; *viz.*:—evidence by the plaintiff of continuance of pain after the date of issuance of the writ (No. 6); evidence by plaintiff of the existence of a rupture at the time of the assault and of the enlargement and aggravation thereof by said assault (No. 7); evidence by plaintiff as to certain losses sustained by plaintiff in the purchase of a truss (No. 8); evidence by plaintiff concerning medical expenses (No. 9); also evidence by plaintiff as to the payment to him, long after this suit was brought, by the James Hanley Brewing Company of the amount of wages, as to which dispute had arisen between the plaintiff and defendant (No. 10); and also in permitting plaintiff's doctor

(Burton) to testify as to the physical condition of the plaintiff more than two and one half years after the assault, there being no allegation in the declaration in support of such testimony (No. 11).

As appears from the declaration set forth above, it contains only the averments usually set forth in a criminal complaint. It does not allege permanent injury or continuance of pain and suffering after the date of the writ; it does not claim any damage by reason of the enlargement or aggravation of any rupture nor by reason of the purchase of a truss or any payment of medical expenses.

It is well settled in this state as in other states where the practice is governed by the rules of the common law, that special damages claimed as the result of personal injury must be alleged in the declaration in order to permit evidence thereof to be introduced. The rule is well stated in the case of *Irby* v. *Wilde*, 150 Ala. 402, where it is held in general terms (the action being for assault and battery and the complaint being in the simplest code form), that physical pain caused by the battery, loss of time from business, and the amount paid for a physician to treat plaintiff's wounds, were elements of special damage which must be alleged; the court cites with approval the rule laid down in 5 Encyc. Pl. & Pr., pp. 717–719: " 'General damages are such damages as the law holds to be the necessary result of the cause of action set forth in the declaration or complaint, need not be specially pleaded, but may be recovered under the general allegation of damage. The defendant is presumed to know the damages which necessarily result from his own acts, and consequently he cannot be taken by surprise, when evidence of such resulting damage is admitted and shown under the *ad damnum* or general allegation of damage. . . . Special damages, which are the natural, but not necessary result of the injury complained of, must be specially alleged. Such injuries do not necessarily result from the defendant's wrongful act, but flow from it as a natural and proximate consequence; hence they must be specially alleged, in order that the

defendant may have notice thereof and be prepared to meet the same upon the trial.'

"We entertain the opinion that the damages under consideration, which were allowed to be proven, were not general, but special, damages—not the necessary result of the assault and battery, as alleged, and, not being alleged, should not have been allowed to be proved."

In *Central Kentucky Traction Co.* v. *Chapman,* 130 Ky. 342, the court in considering the right of recovery for loss of time says, p. 347: "The petition charged a certain injury, describing it as painful and disabling, so that appellee was confined to her room for several weeks. In the instruction defining the measure of damages, it was allowed that appellee might be compensated, in addition to her suffering endured and reasonably anticipated, and her impairment to earn money, for her loss of time. Loss of time is classed by the courts and writers as special damages. Like physician's bills, medicine, and other special elements of even proximate results of actionable negligence, they must be specially pleaded in order that they may be recovered for. Permanent impairment of earning capacity is an element of such general damages. But even that ought to be pleaded if a recovery on its account is sought. Much more so is it deemed that items of special damage should be set out, so as to bring notice home to the defendant that compensation is sought on that score, that the defendant may bring its witnesses to rebut the claim if it so desired. The allegation of the petition that plaintiff was confined to her room for some time by reason of her injury we understand to be referable to the nature and extent of the injury, rather than as asserting a claim to peculiar or special damages resulting from such injury. At any rate its ambiguity should be resolved against the pleader, rather than in her favor, is the safe and established rule of construction. Nor was there evidence of the value of the time lost. The verdict is so considerable that we cannot say the jury may not have included that item in their finding in this case, which, under the state of pleadings and proof, was prejudicial error.

"Judgment reversed, and cause remanded for new trial, under proceedings consistent herewith."

In *Baldwin* v. *Western R. R. Corp.*, 4 Gray 333, the court, speaking of the rule as to general and special damages, said, p. 336: "In the present case, the evidence offered by the plaintiff to show her education and learning, and that she was a school teacher, could have had no relevancy or application to the questions at issue between the parties, except as forming the basis on which special damages were to be assessed for the injury of which she complained. It did not tend to show an injury falling within the class of general damages. That class includes only such damages as any other person, as well as the plaintiff, might, under the same circumstances, have sustained, from the acts set out in the declaration. Without determining the more difficult question whether the evidence would be admissible under any form of declaration, it is clear that this part of the plaintiff's claim could be founded only upon a peculiar loss sustained by her by reason of the interruption to her occupation resulting from the tortious act of the defendants. They were therefore in their nature damages not necessarily flowing from the acts set out in the declaration, and of which the defendants could not be supposed to have notice unless they were properly averred."

In *Tomlinson* v. *Derby*, 43 Conn. 562, where the plaintiff was injured through a defect in a highway, the complaint alleged that the plaintiff was thereby "prevented from attending to his ordinary business;" it was held that he could not under this allegation be allowed to show that he was earning $100 a month in carting and sawing timber. The court says at p. 567: "Special damage is that which the law does not necessarily imply that the plaintiff has sustained from the act complained of. It is often very difficult to distinguish general from special damage. The necessary result of an injury is often and easily confounded with the natural and proximate result, and all legal damage whether general or special must naturally and proximately result from the act or default complained of. It is difficult to lay down

any general rule by which to determine when the law implies the damage and when it does not. It would seem however that when the consequences of an injury are peculiar to the circumstances and condition of the injured party, the law could not imply the damage simply from the act causing the injury. If it be true that the law implies a loss of time from the act complained of, it does not seem quite fair and just, when the sole object of the rule that requires special damage to be averred is to advise the defendant of the claim, to carry the implication so far as to imply also all of the special consequences of such loss of time, when such consequences must depend on the peculiar circumstances of the plaintiff at the time of and previous to the injury, as that he was actually engaged in some special business which was at the time yielding a pecuniary profit."

In *O'Leary* v. *Rowan*, 31 Mo. 117, 119, it was held that in a suit for assault and battery, where the petition is general and contains no allegation of any special damage, the plaintiff could not recover a doctor's bill, incurred in consequence of the battery, unless such resulting damages were specially set forth.

See, also, in support of the same general principle, *Burton* v. *Holley*, 29 Ala. 318; *Cook* v. *Clary*, 48 Mo. App. 166; *Morris* v. *Winchester Rep. Arms Co.*, 73 Conn. 680, 694; *Farrington* v. *Cheponis*, 82 Conn. 258; *Moellman* v. *Lumber Co.*, 134 Mo. App. 485, 492; *City of Pueblo* v. *Griffin*, 10 Colo. 366; 4 Sedgwick on Damages, § 1270, § 1270a and cases cited. And the same general principle is also expressly recognized in this state in *MacGregor* v. *Rhode Island Company*, 27 R. I. 85, 86.

(2)    It was error to permit the plaintiff to testify as to the continuance of pain and suffering after the date of the writ, there being no allegation of such continuance, and no allegation of permanent injury; and it was likewise error to permit Dr. Burton to testify as to the plaintiff's condition two and one-half years after the assault for the same reasons. "The assessment of damages is usually governed by the

situation or condition of affairs existing at the time the action is brought; hence for recovery of loss or damages occurring thereafter plaintiff should amend or file a supplementary petition." 13 Cyc. 177. "If all the allegations as to the injuries sustained and the consequences thereof are in the past tense there cannot be a recovery for future suffering." Sutherland on Damages, Vol. 2, § 421, pp. 1169–1170; *Shultz* v. *Griffith*, 103 Ia. 150; *Kalembach* v. *M. C. R. R.*, 87 Mich. 509.

Furthermore, as the continuance of pain and suffering as testified to related to pain and suffering incident to the rupture and its enlargement and aggravation, the evidence as to continuance after the date of the writ was inadmissible for the same reason that any evidence as to the rupture itself was originally inadmissible.

(3)    It was also error to permit the plaintiff to testify as to the receipt of his wages from the James Hanley Brewing Co. long after this suit was brought. It appeared that the defendant claimed that the plaintiff had been paid at the close of the day when his work was done, and plaintiff denied it. It also appeared that the plaintiff put this claim against the Brewing Company into the hands of his lawyer who brought this suit, and that several months later the plaintiff received the money from his lawyer. It does not appear whether suit was brought for that claim or not. As against this defendant the evidence was irrelevant and inadmissible. For all that appears it may have been that the matter, being for a very small amount, was compromised by the Brewing Company to avoid the trouble and expense of litigation. The evidence was prejudicial to the defendant in that it tended to lead the jury to think that the defendant was in the wrong and was untruthful and was unfair to the plaintiff; whereas it fell far short of proof to that effect. We think that the admission of this testimony was well within the principle laid down by this court in *Salter* v. *R. I. Company*, 27 R. I. 27, where the court said, p. 30: "It is well-settled law that offers to compromise or to buy peace or

cessation of litigation are favored by the law; such communications are privileged, are confidential, and if unsuccessful can not be used against the party making them as evidence of an admission of liability." . . . "To measure the effect of such misconduct upon the verdict in a case where the evidence for the plaintiff was not conclusive is beyond the power of the court, and although it imposes hardship upon the parties to require a retrial of the cause, it is the only remedy for the correction of such abuses."

The attempt to justify the admission of this testimony on the ground that it tended to show that the plaintiff had a lawful right to go upon the premises of the Brewing Company where he was at the time he claims to have been assaulted, is of no avail. No one questioned his right to go upon the premises. The only objection to his presence there was because he was in the shipping room where there was much danger of his being injured in the hurry and confusion of the handling of heavy barrels of beer; it was not in that room where he could expect to collect any moneys due him, if any, but in the business office where payments would naturally be made.

We are of the opinion that all of the testimony admitted, as against the objections of the defendant as set forth in its exceptions numbered sixth to eleventh, inclusive, was inadmissible; and that its admission was prejudicial error. These exceptions are therefore sustained, and the case is remitted to the Superior Court for a new trial.

*Cushing, Carroll & McCartin*, for plaintiff.

*James J. McGovern, McGovern & Slattery*, for defendant.