WEST and wife, Respondents, v. FORREST, Appellant.

1. The rejection by the court trying a cause of a competent juror is no ground for renewal in the supreme court, there being no valid objection to the jurors empannelled.
2. A party, in whipping a female slave, unintentionally but recklessly inflicted blows upon her mistress. In an action by the mistress, *held*, that the defendant's liability was not limited to the damages to her *person*; that the jury might take into consideration the mental anguish and wounded feelings of the plaintiff.

West v. Forrest.

*Appeal from Buchanan Court of Common Pleas.*

Action for an assault and battery. The facts are stated in the opinion of the court. The fourth instruction given by the court below was to the effect that the jury, in estimating the damages, if they believed the assault was "unintentionally but recklessly committed," might "take into consideration the pain and suffering, mental anguish and wounded feelings of the female plaintiff."

The third instruction asked by the defendant, and refused, was, that "the measure of damages is a sum of money precisely commensurate with the wounded feelings of the plaintiff, Alvira B. West, by reason of the infliction of the blows."

The plaintiff had a verdict of $400, and the defendant appealed.

*Vories*, for appellant. 1. The court below erred in rejecting a competent juror who was not challenged by the plaintiff. 2. The court erred in giving the fourth instruction. (2 Greenl. Ev. § 267, and note ; 5 Mo. 523.)

*Gardenhire* and *Morrow*, for respondent, that the rule of damages was properly laid down, cited Littell's selected cases, 81 ; 1 Mass. Rep. 11 ; 3 Wend. Rep. 391 ; 7 Monroe, 395 ; 11 Pick. 379 ; 2 Gilman, 432 ; and insisted that the rejection of the juror was no ground of reversal, as it did not appear that the appellant was prejudiced.

RYLAND, Judge, delivered the opinion of the court.

This was an action of assault and battery, alleged to have been committed by the defendant, on the female plaintiff, Alvira B. West, wife of Francis A. West. The defendant denied having assaulted the said Alvira E. West, but stated that he was whipping a negro woman, whom he had hired of Francis A. West, and who had left his house and gone back to her master's house ; that he went after her and found her, and ordered her to go back to his house ; but, instead of obeying him,

she attempted to go up the steps to the room where her mistress, Alvira B. West, was ; that he commenced whipping her with a cowhide ; that Mrs. West came down the steps, and the negro woman ran and caught her around the waist, and with great force conveyed her back into the house ; that if Mrs. West was struck, he did not know it, and did not intend it. At the trial, the court, after a certain man had been called up and sworn, and examined as to his qualifications as a juror, discharged him and made him stand aside. The defendant excepted to this act of the court, alleging that the man was a competent and fit person to be made a juror. He assigns this act of the court as one of his errors upon which he seeks to reverse the judgment below. There is nothing in this point; the jury empannelled was no doubt a good, competent and impartial one. The defendant has not been injured, nor have any of his rights or privileges been improperly denied him by the inferior court. If this court should reverse the judgment below for this act, does the appellant expect to have the man on his next jury ; or does he suppose that this court would so far step out of their legitimate sphere as to direct the inferior court to place the rejected man on the next jury ? The absurdity of such a proceeding is manifest. There is nothing then in this point.

The evidence clearly shows a very severe beating of the negro woman ; and that she ran to her mistress up the steps leading to the door of the room occupied by Mrs. West. The negro woman laid hold of her mistress on the steps, and the evidence leaves little doubt that the defendant did not stop his blows when the negro woman caught her mistress, but he continued to inflict them. One witness says, he saw his arm in motion up to the door as though he were striking. Is it strange that Mrs. West, the owner of the negro woman, should have been (even in her situation, some seven or eight days after childbirth) drawn to the steps of her door by the severe whipping and hallooing of her own servant ?—the blows inflicted by the defendant, and the screams of the negro woman, raising the

indignation of the witnesses who were a block and a half distant, and prompting them to stop work and go and see the cause of the terrible whipping and hallooing. No wonder, under such circumstances, that Mrs. West should step half way down the steps leading from her room to the yard; and no wonder she should by her presence try to save her servant.

The plaintiff's case was clearly made out before the jury, and by their verdict of four hundred dollars damages they exhibited their sense of such a wrong, and properly vindicated the injuries and wounded feelings of the plaintiff. There is nothing in the instructions given, nor in those refused to be given, calling for the interference of this court.

The case was fairly put to the jury, and this court does not feel itself authorized to interfere. Let the judgment below be affirmed; Judge Leonard concurring.