WILHELMINA STUPPY, Respondent, v. ANNA M. HOF, Appellant.

**St. Louis Court of Appeals, January 2, 1900.**

Assault and Battery; MEASURE OF DAMAGES: INSTRUCTIONS: ACTUAL DAMAGES. The following instructions, in a case of assault and battery held to properly state the law upon measure of damages: "If you find for the plaintiff, you will allow her such damages as seem to you to be right and proper under all the facts and circumstances. In estimating the damages you have a right to consider the bodily and mental pain, if any, endured by plaintiff resulting directly from defendant's wrongful act" "You may also take into consideration the probable future injury, if any, that you may believe will result to her from defendant's wrongful act" "You may also consider the injuries to her feelings, if any, which you may believe she suffered by reason of any insult or indignity inflicted upon her person by the defendant in connection with the assault complained of. These damages are known as actual damages."

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*J. D. Johnson* for appellant.

(1) The trial court improperly instructed the jury as to the measure of damages in the case. Schaub v. Railroad, 106 Mo. 74; Hawes v. Stockyards, 103 Mo. 60; Duke v. Railway, 99 Mo. 347-351; Parsons v. Railway, 94 Mo. 286; Haysler v. Owen, 61 Mo. 270; Haymaker v. Adams, 61 Mo. App. 581; Goss v. Railroad, 50 Mo. App. 614. (2) The trial court also erred in directing the jury to "allow" the plaintiff "such damages as seems" to the jury "to be right and proper under all the facts and circumstances in evidence;"

because the measure of damages is a question of law, and should not be thus submitted to a jury for their determination as a question of fact. Wilburn v. Railroads, 36 Mo. App. 203; Flynt v. Railroad, 38 Mo. App. 94; McKee v. Railroad, 49 Mo. App. 174. (3) The error in the instruction specified in the last point was not cured by the jury being directed further, that in estimating the damages "you have the right to consider the bodily and mental pain" and "the probable future injury" which plaintiff may have sustained; because the instruction still left it to the jury to consider those matters or not as they saw fit, and to determine the amount of damages as to them might seem proper from other facts and circumstances in evidence other than from the bodily pain, etc.

*A. C. & H. B. Davis* for respondent.

(1) Instruction No. 2, which is the only one complained of, states the law correctly. In an action for assault and battery, the use of the words, in an instruction for the allowance of damages, that: "You will allow her such damages as seem to you to be right and proper under all the facts and circumstances," properly states the law. Browning v. Railroad, 124 Mo. 55; Boettger v. Iron Co., 124 Mo. 87-105. (2) In an action for assault and battery the liability is not limited to the damages to the person; the jury may take into consideration the mental anguish, insult, indignities and wounded feelings of the plaintiff. West v. Forrest, 22 Mo. 344; Randolph v. Railroad, 18 Mo. App. 609.

BIGGS, J.—The plaintiff sues for damages for an alleged assault and battery. She occupied the lower floor of a tenement house and the defendant lived in the second story. The petition charges that defendant threw a bucket of water

on the back porch of the second story so that the water ran down upon and injured the plaintiff. It was averred that the act was willfully, wrongfully and unlawfully done. The defendant denied the charge.

There was evidence tending to prove and also to disprove the issue. The plaintiff testified that at the time of the alleged assault the defendant, called her a "damned whore," a "country woman," and a "damned sot." The cause was submitted to a jury. There was a verdict for three hundred dollars compensatory damages and one hundred dollars exemplary damages. The defendant appeals and complains of the instructions given for plaintiff on the measure of damages.

After properly instructing as to plaintiff's right of recovery under the evidence, the plaintiff asked and the court gave the following instruction or direction to the jury in determining the amount of damages, if any, to which plaintiff was entitled, to wit:

"2. If you find for the plaintiff under the instructions given, you will allow her such damages as seem to you to be right and proper under all the facts and circumstances."

"In estimating the damages you have a right to consider the bodily and mental pain, if any, endured by plaintiff resulting directly from defendant's wrongful act."

"You may also take into consideration the probable future injury, if any, that you may believe will result to her from defendant's wrongful act."

"You may also consider the injuries to her feelings, if any, which you may believe she suffered by reason of any insult or indignity inflicted upon her person by the defendant in connection with the assault complained of. These damages are known as actual damages."

Unquestionably the first part of the instruction is erroneous, in that it fails to particularize the elements of damage to be considered by the jury in determining their verdict. Wilburn v. Railroad, 36 Mo. App. 203; Flynt v. Railroad,

38 Mo. App. 94; McKee v. Railroad, 49 Mo. App. 174. My associates are of the opinion that the instruction is not erroneous in its general scope, and under the authority of Browning v. Railway, 124 Mo. 55, and Boettger v. Iron Co., Ibid 87, the judgment ought to be affirmed, especially as the amount of the verdict indicates that defendant did not suffer on account of the generality of the instruction.

In my opinion the instruction is erroneous in its general scope when the facts in evidence are considered. In actions for assault and battery the compensatory damages are determined by fixed legal standards, hence the jury should not be given a "roving commission" to determine the amount by their own conception of right. Under this instruction the jurors were authorized to consider the epithets which plaintiff testified the defendant applied to her, at or about the time of the assault. Proof of the epithets was competent to characterize the assault and thus aid the jury in determining whether exemplary damages ought to be allowed, but not for the purpose of affecting or increasing the compensatory damages. The alleged abusive words can not be treated as a part of the assault, and compensatory damages must come or raise directly out of the assault. One of the elements of damage in such a case is the mental anguish suffered by plaintiff, but this must result from the blow given, or the manner or circumstances under which it was given, and not from the words accompanying the blow, which of themselves may furnish an independent cause of action. Any other view would in my opinion be untenable. The rulings in Daily v. Houston, 58 Mo. 361, and Beck v. Dowell, 111 Mo. 506, are not opposed to this view. In those cases the supreme court held that the "atrocity" of the assault might be shown to enhance the compensatory damages. The application of this rule of evidence to the points there in judgment was correct, but it can not, as may associates contend, be extended so as to authorize proof of epithets in this case to increase the amount

of the recovery. In the present case if proof had been offered that the water thrown on the plaintiff was filthy, or that the assault was committed in the presence of the plaintiff's neighbors or acquaintances, such testimony would have been competent as tending to show the extent of the mental suffering endured by plaintiff on account of the assault itself, which the jury were authorized to consider in determining the damages sustained. Therefore I conclude that the instruction was essentially erroneous in that it permitted the jury (in determining the amount of compensatory damages), to consider testimony that was entirely irrelevant to the question to which the attention of the jury was directed. But my associates are of a different opinion. Therefore the judgment of the circuit court will be affirmed. It is so ordered. Judge *Bond* concurs in the affirmance only.