WALTER E. HAPPY, Respondent, v. ROBT. A. PRICHARD, Appellant.

**Kansas City Court of Appeals, February 27, 1905.**

1. **ASSAULT AND BATTERY: Son Assault Demesne.** Son assault demesne is affirmative matter which must be pleaded and proved and plaintiff is only required to prove an assault with a weapon to make a prima facie case and does not have to go into the issues which must be advanced by defendant.

2. ————: **Damages: Ingredients: Verdict.** An instruction authorizing the jury to combine in one verdict damages for injury to the person, loss of time and medical bills, is approved.

3. ————: ————: **Mental Suffering.** Mental suffering and mortification resulting from an assault and battery is a proper element of damages.

4. ————: ————: **Cruelty: Exemplary.** Where the evidence shows the assault was wanton, malicious and cruel, exemplary damages are recoverable.

5. ————: **Instructions.** Instructions considered and held properly given.

Appeal from Ray Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*Ball & Bogie, J. L. Farris* and *J. L. Farris, Jr.,* for appellant.

(1) The court erred in instructing the jury in the first instruction given on part of plaintiff, that if they found from the evidence that defendant assaulted plaintiff, plaintiff was prima facie entitled to recover without instructing the jury that the plaintiff must establish that fact by a preponderance of the evidence and that the asault was an unlawful one. Orscheln v. Scott, 90 Mo. App. 366.    (2)    The first instruction given on

part of plaintiff contradicts instruction numbered 2, given on part of defendant. (3) The court erred in giving instruction numbered 2, asked by plaintiff. (4) The court erred in giving instruction numbered 3, on part of plaintiff in this that said instruction authorized the jury to consider rudeness and insolence as constituting an element of damage. Cases in which similar principles are announced are: Mellor v. Railroad, 105 Mo. 445; Britton v. St. Louis, 120 Mo. 437. (5) The court erred in giving instruction numbered 5, asked by plaintiff. (6) The court erred in giving instructions numbered 5 and 6 on part of the plaintiff for the reason that there was no evidence showing any such willful, wanton and malicious state of mind on defendant's part as would justify the submission of the question of exemplary damages to the jury. Orscheln v. Scott, 90 Mo. App. 359.

*George W. Crowley* and *Frank P. Divelbiss* for respondent.

(1) Proof of the assault makes out a prima facie case for plaintiff. Conway v. Reed, 66 Mo. 346; Orscheln v. Scott, 90 Mo. App. 352. (2) The idea that there must be a separate instruction on each element of damage is most novel. No case can be found where such a practice has ever been followed or even tolerated. (3) Under the general allegation of assault the plaintiff may give evidence of any damage naturally and necessarily resulting from the act complained of. O'Leary v. Rowan, 31 Mo. 117; Broyhill v. Norton, 175 Mo. 190; Kelley v. Kelley (Ind.), 34 N. E. 1009. (4) The third instruction on behalf of plaintiff properly declares the law, and has often been approved by the appellate courts of this State. West v. Forrest, 22 Mo. 344; Daily v. Houston, 58 Mo. 364-5; Stuppy v. Hof, 82 Mo. App. 272; Sonnen v. Transit Co., 102 Mo. App. 276. (5) The fourth instruction correctly announces the law as to punitive damages. (6) The wicked assault

and atrocious conduct of defendant fully authorized the giving of the instructions on punitive damages. Meyer v. Pohlman, 12 Mo. App. 567; Howard v. Lilliard, 17 Mo. App. 228; Canfield v. Railway, 59 Mo. App. 365; Sloan v. Speaker, 63 Mo. App. 321; Lyddon v. Dose, 81 Mo. App. 64; Wamsganz v. Wolff, 86 Mo. App. 205; Johnson v. Bedford, 90 Mo. App. 43; Gildersleeve v. Overstolz, 90 Mo. App. 518; Hikey v. Welsh, 91 Mo. App. 4; Buckley v. Knapp, 48 Mo. 162; Gray v. McDonald, 104 Mo. 314; Carson v. Smith, 133 Mo. 617. (7) Even on the theory of self-defense, before defendant can escape liability for cutting plaintiff, he must show that it was reasonably necessary to do so to prevent plaintiff doing him some great bodily harm, and the court properly modified defendant's instructions to that extent. O'Leary v. Rowan, 31 Mo. 117; Callahan v. Billat, 67 Mo. App. 435.

BROADDUS, P. J.—The plaintiff sued for damages, the result of injuries inflicted upon his person on the 4th day of June, 1903, by the defendant. The charge is that "defendant unlawfully, willfully, wantonly and maliciously did assault, strike, stab and cut plaintiff across the head and face with a razor, knife or other sharp and deadly instrument, the name of which to this plaintiff is unknown." The answer justifies on the ground that the defendant acted in self-defense.

Plaintiff's evidence tends to show that the plaintiff went into defendant's place of business at Camden, Ray county, for the purpose of using his telephone; that while he was there, one Huffman and defendant called his attention to whether he was in fact the owner or had any interest in a certain lot of ground in said town; and that after plaintiff had asserted that he was the owner in fact of said lot, defendant intimated that he was not such owner and that he lied with reference to it as he had previously about another matter. After some words of an unfriendly purport, plaintiff left and went

to the store of a Mr. Jackson on the other side of the
street where he remained only a short time when de-
fendant came and said to him if he was not too busy
he wanted to talk to him; that he then went to defend-
ant's store where defendant again began to use abusive
language to him; that he left the store and as he
started to walk off defendant said, in substance: "If
you had any manhood about you, you would come back
and talk the matter over with me." It was further
shown that defendant had been drinking, was in a bad
humor and called plaintiff "a damned lying son of a
bitch;" that when he started to leave, defendant fol-
lowed him out of the store carrying a razor in his hand
and made a "lick" at plaintiff; that the latter threw up
his hand to ward off the blow and received a cut in the
head; that he then grabbed defendant by the muscles of
the arm and tried to push him off but that the latter
succeeded in cutting a gash in plaintiff's face. Other
witnesses corroborated the plaintiff's evidence. The
testimony showed that plaintiff suffered severe and
permanent injury as the result of the cuts upon his
head and face. Doctor Shotwell testified that he re-
peatedly examined plaintiff's wounds; that the scar on
his face measured five and one-half inches in length and
extended to the inside of the mouth; that the nerves
supplying the muscles of the eye were severed; that the
injury was permanent; and that serious and permanent
injury was done to both the eye and mouth.

The defendant testified that the plaintiff was the
aggressor and brought on the difficulty, and that he cut
plaintiff in self-defense as he was in the act of assault-
ing him with a rock. Other witnesses corroborate de-
fendant in his statements. The jury returned a verdict
for the plaintiff for $750 actual and $250 punitive dam-
ages.

The defendant for reversal relies upon the follow-
ing assignment of errors at the trial: That the court
erred in the law of the case in giving plaintiff's instruc-

tions from one to seven inclusive; and in modifying defendant's instructions. Objection is made to plaintiff's instruction numbered one which told the jury that if they found that defendant had assaulted plaintiff with a razor, or other deadly instrument, the plaintiff was prima facie entitled to recover; and that before it could find against him, the defendant must prove by a preponderance of the evidence that the assault was lawful. Defendant cites a recent case of this court for authority to sustain the proposition that the burden was upon the plaintiff to prove not only the assault, but, further, that it was unjustifiable. The case cited is Orcheln v. Scott, 90 Mo. App. 352. The defendant appears to misapprehend the sense of the decision. Judge ELLISON in the opinion used the following language:

"*Son assault demesne* is affirmative matter which must be pleaded and proved (if not developed in plaintiff's case) by him who, having committed the otherwise wrongful act, seeks to excuse himself by the plea of its necessity for the defense of his person. While it is true, as stated in the instruction, that the burden rested upon plaintiff to prove that defendant wrongfully struck him with a knife, yet it does not follow that to prove this he should go into issues which must be advanced by the defendant. Proof of the act raises presumptions which characterize it without the necessity of going further and showing affirmatively that none of the various causes which might excuse it existed."

It was not intended in the opinion to, and it does not, express that plaintiff should not only prove the assault but that he should go further and prove that it was not justifiable. It is clear that the court holds that upon proof of the assault, nothing appearing in plaintiff's evidence to the contrary, the law presumes the assault to be wrongful. And such was the expression of the court in State v. Evans, 124 Mo. 397, which was a case of murder. In that case the jury was instructed that

"if they found that defendant intentionally killed deceased with a loaded pistol, the law presumed such killing was murder in the second degree in the absence of proof to the contrary, and that it devolved on defendant to adduce evidence to meet or repel the presumption, unless it had been met or repelled by evidence introduced by the State." The court further overruled the case of State v. McKinzie, 102 Mo. 620, which held to a different rule. In State v. Tabor, 95 Mo. 585, Wharton's Evi., section 358, and 2 Greenleaf on Evi., section 95, the same rule of law is to be found. See also Conway v. Reed, 66 Mo. 346.

The further objection is made that said instruction is in conflict with instruction numbered two, given for defendant. After a careful reading we are unable to discern wherein the one conflicts with the other in the slightest particular.

Defendant's objection to plaintiff's second instruction is novel but altogether untenable. Said instruction authorized the jury to combine in one verdict for damages the injuries to plaintiff's person, his medical bill, loss of time and damages for assault. Defendant's contention is that, the jury should have been instructed separately as to each one of these ingredients of damages, and that they should have found a verdict on each separately. In answer to this claim it is only necessary to say that all of them grew out of the same cause of action, and as such it was proper to combine them in one instruction and one verdict.

Defendant's objection to plaintiff's third instruction is that it authorizes the jury to consider as matters of damages the mental suffering and mortification of feeling suffered by plaintiff arising from the insult and indignity of the assault. A similar instruction was given in Britton v. St Louis, 120 Mo. 437; and while objections were made to it none was made on the ground that it permitted a recovery for mental suffering. "If

a feeling of humiliation and disgrace caused by an assault is fairly inferable from the evidence, it is an element of actual damages to be submitted to the jury.'' [Sonnen v. Transit Co., 102 Mo. App. 276.] Such ingredients are actual damages. [Stuppy v. Hof, 82 Mo. App. 272.] In Dailey v. Huston, 58 Mo. 361, the jury were instructed that damages might be given for mental suffering as exemplary damages. No objection was made to the instruction in that case. The only criticism that it merits is that it made mental suffering an element of exemplary and not actual damage. In West v. Forrest, 22 Mo. 344, it was held that the jury might take into consideration the mental anguish and wounded feelings of the plaintiff. It seems to be well-settled law of this State that mental suffering is a proper element of damages to be considered by a jury in estimating the amount of their verdict in cases of unlawful .assault.

And the court committed no error in giving instructions numbered five and six for plaintiff authorizing the jury to give exemplary damages. If plaintiff and his witnesses are to be believed, the assault made upon plaintiff by defendant was wanton, malicious and cruel.

The defendant finally complains of the action of the court in modifying his fourth and fifth instructions as asked. We have carefully considered the modified instructions and compared them with those asked. Although somewhat different in verbiage they are substantially similar, those modified stating the law with great clearness and accuracy. And it may not be out of place to say that upon the whole the law declared therein was more favorable to defendant than those asked.

After a review of the whole case we feel justified in saying that it was well tried. Affirmed. All concur.