BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1908.

---

STEWART, Respondent, v. WATSON, Appellant.

**St. Louis Court of Appeals, October 6, 1908.**

1. **EVIDENCE: Reputation: Assault.** In civil actions, evidence attacking the character and reputation of a party is admissible only where it is put in issue by the nature of the proceeding, such as in actions for libel, slander and the like, or where such party has voluntarily put his character in issue; in an action for damages for assault and battery, where the defendant introduced no evidence to prove his good character, evidence to show that he was a quarrelsome and dangerous man was incompetent.

2. ———: ———: ———: **Waiver of Objection.** But in such case where the questions were asked and answered showing his reputation in that regard was bad, before objection to them was made, he waived his right to have the testimony excluded, by thus waiting until he saw the answers to the questions were unfavorable.

3. **DAMAGES: Pleading: Special Damages.** In an action for assault and battery where the only allegation of damage was that the plaintiff was beaten and wounded by the defendant, this was sufficient to warrant an instruction authorizing recovery for humiliation, bodily pain and mental anguish as elements of damage; such damages are the necessary and natural results of the assault and battery and need not be specially pleaded.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

(44) [133 App.

Stewart v. Watson.

AFFIRMED.

*W. H. Miller* for appellant.

The first error contended for on the part of the appellant as being reversible is the action of the court in permitting witness Gus. Richards to testify as to his general reputation as being a quarrelsome, dangerous and turbulent man, over the objection of appellant. Appellant respectfully contends that this was error such as ought to reverse this case and that the character or reputation of a litigant, except where it tends to impeach him as a witness, is never admissible except in isolated cases where the character is necessarily thrown in question. Shoe Co. v. Hicks, 70 Mo. App. 309; Grocer Co. v. Taggart, 70 Mo. App. 168; Vawter v. Hultz, 112 Mo. 634; Gutzwiller v. Lackman, 23 Mo. 470; Rogers v. Troost, 251 Mo. 470; Dudley v. McCluer, 65 Mo. 241; Stark v. Pub. Co., 160 Mo. 529.

*J. V. Conran* for respondent.

(1) Respondent concedes that the cases cited by appellant show the trend of authority, as to the admissibility of the testimony complained of, to be in favor of appellant's position; in this case, however, the defense relied upon was one known to the profession as "self-defense." In passing upon the question in criminal cases it has been held that the good character of the defendant was at all times under circumstances analogous admissible. State v. Breeden, 58 Mo. 507; State v. Grant, 79 Mo. 113. (2) Respondent urges strongly against the error complained of by appellant, for the reason that if the evidence was incompetent, it was admitted without objection and the defendant did not move to have it stricken out, nor did he ask its exclusion by proper instruction. State v. Robinson, 117 Mo. 649; Nichols v. Nichols, 147 Mo. 403. (3) It is too late for appellant to complain of the admission of the testimony

of Richards; he failed to avail himself of his privileges, probably assumed that the answer would be favorable to him and then finding it to be the reverse he seeks to take advantage of his own folly.    Margrave v. Ausmuss, 51 Mo. 561; Foster v. Railroad, 115 Mo. 165; State v. Wisdom, 119 Mo. 539; Maxwell v. Railroad, 84 Mo. 95.    (4)   The instruction follows the petition and limited the recovery, if any was had, to the proper elements of damages recoverable under the same.    Copeland v. Railroad, 175 Mo. 650; Butts v. Bank, 99 Mo. App. 168; Grayson v. Transit Co., 100 Mo. App. 730; Maguire v. Transit Co., 103 Mo. App. 459; Batten v. Transit Co., 102 Mo. App. 285; Rawlings v. Railroad, 97 Mo. App. 511; Berger v. Railroad, 97 Mo. App. 127; Sonnen v. Transit Co., 102 Mo. App. 271; Happy v. Prichard, 111 Mo. App. 12.

NORTONI, J.—This is a suit for damages alleged to have accrued to the plaintiff because of an assault and battery upon him by the defendant.    Plaintiff recovered in the circuit court and the defendant appeals. The evidence tended to prove that the defendant, without reasonable cause therefor, or upon very slight provocation, at most, assaulted the plaintiff and beat him into insensibility.   He remained unconscious from about five o'clock in the afternoon until about five o'clock the following morning.    The plaintiff suffered great physical pain   and mental   anguish   as   well   as humiliation and insult from the assault and injuries received.    He paid out a considerable amount for medicines and medical attendance.    The jury assessed his damages at and awarded him a verdict for $750.    There is no complaint leveled against the sufficiency of the evidence nor the amount of recovery.

The first assignment of error relates to the reception of evidence pertaining to the character and reputation of the defendant.   Plaintiff's counsel propounded

a question, inquiring as to whether the witness was familiar with the general reputation of the defendant in the community as to being a quarrelsome, dangerous, violent and turbulent man.    To this question the witness answered:  "Yes, sir."  Plaintiff's counsel then inquired:  "Is that reputation good or bad?"  Witness answered:  "It is bad."  After these two question had been propounded and answers thereto received, defendant's counsel objected to the evidence as being wholly incompetent and irrelevant.    The objection was overruled and exception saved.    It is certain that in actions of this nature, and in civil actions generally, the character of neither party is in issue and cannot be the subject of attack unless it is first supported by the adversary or placed in issue by the nature of the proceeding itself.    In civil actions, character and reputation is put at issue only by the nature of the proceeding in that class of cases such as libel, slander, malicious prosecution, etc., in which its value is to be considered in assessing the damages.    [Vawter v. Hultz, 112 Mo. 633, 639, 20 S. W. 689; 2 Am. and Eng. Ency. Law (2 Ed.), 1001-2.]    There had been no evidence introduced in the case at bar tending to prove the defendant's reputation for peace and quietude in the community was good, and therefore the evidence introduced in this behalf on the part of the plaintiff was clearly incompetent.    However this may be, the defendant waived his right to complain thereat by not objecting to the testimony until after it was received.    In the present instance, each of the questions propounded clearly disclosed to the defendant and his counsel their purpose.    Notwithstanding this, no objection thereto was interposed until after the second answer was received, and it appeared to be unfavorable to the defendant's cause.    The testimony being elicited as it was by direct and pointed questions, disclosed its incompetency and there was thereby ample opportunity afforded the defendant to

interpose his objection and prevent the reception of the evidence. In such circumstances, it is a rule that the party objecting will not be permitted to sit idly by and await the answers until he discovers the testimony is unfavorable to him, and then, for the first time, raise his objection. Numerous cases sustain the doctrine that such conduct on the part of the complaining party operates a waiver of his right to complain thereafter. [Maxwell v. Railroad, 85 Mo. 95, 106; Martin v. Block, 24 Mo. App. 60, 62; Foster v. Railroad, 115 Mo. 165, 183, 21 S. W. 916.] The assignment will therefore be overruled.

On the measure of damages, the court instructed the jury among other things, that if they found for the plaintiff, they might consider as elements of damage, the humiliation, bodily pain, and mental anguish, if any, which he suffered, directly resulting from the battery. The argument advanced is that humiliation, bodily pain and mental anguish are not competent elements of damage under the pleadings. The petition charges only a wilful, wrongful and unlawful assault, without just cause or provocation, and that the defendant was beaten and wounded by the plaintiff to his damage, etc. In other words, the allegation is general only, to the effect that the plaintiff was beaten and wounded by the defendant. The argument is that humiliation, physical and mental pain, are elements of special damage, and therefore to be specially pleaded. It is certain that under a general allegation, the plaintiff may prove and recover such damages as naturally and necessarily result from the act complained of. This is true for the law implies that such damages as necessarily and naturally result from the act, will, of course, proceed from it. Damages of this character are general, as contradistinguished from special damages. [Sutherland on Damages (3 Ed.), sec. 417.] It is quite clear that bodily pain, mental suffering, humiliation and insult,

resulting from an assault and battery of the nature before us, are necessary and natural concomitants of the act complained of.    They are therefore general damages and in no sense special.    No one could receive a beating, such as was rendered the plaintiff in this case, without suffering insult and humiliation therefrom.    And it is the rule in actions for assault and battery that the jury may consider not only the mental distress which accompanies and is a part of the bodily pain, but they may consider as well that other condition of the mind of the injured person which is caused by the insult of the blows received and tends to humiliation.    [Sutherland on Damages, sec. 95; Prentiss v. Shaw, 56 Me. 427; 96 Am. Dec. 475; Wadsworth v. Treat, 43 Me. 163; Smith v. Holcomb, 99 Mass. 552.]    And so, too, the law infers bodily pain and suffering from personal injury.    [2 Sutherland on Damages (3 Ed.), sec. 421; West v. Forrest, 22 Mo. 344.]    The law implies as well that injury to the feelings and mental anguish results from personal injury.    [Brown v. Railroad, 99 Mo. 310, 319, 12 S. W. 655; West v. Forrest, 22 Mo. 344.]    Humiliation, bodily pain and mental anguish, each and all resulting as they do from an unprovoked assault and consequent personal injury, are elements of general damages, and properly referable to the jury under the general allegation of assault and wounding contained in the petition.

The judgment will be affirmed.    It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.