## MARTHA L. COCHRAN, Respondent, v. THE CITY OF SPRINGFIELD, Appellant.

### Springfield Court of Appeals, January 3, 1910.

1. NEGLIGENCE: Municipal Corporation: Defective Walk: Contributory Negligence Not Established.   Where the evidence was to the effect that plaintiff when walking over a sidewalk knew that the boards on the walk were cupped up at the ends, but did not know they were rotten underneath and did not know they would give down when stepped upon; that the walk was in a populous district and used a great deal by residents of the city; that she and other persons had passed over the walk a number of times and on the occasion of the accident she was walking along with care; held, rather to show that plaintiff was using proper care than that she was guilty of contributory negligence.

2. ————: ————: City Clerk not Proper Official to Notify. The city clerk is not the proper official to notify of a defective sidewalk, and notice to him is not notice to the city.

3. ————: ————: Sufficiency of Notice.   Where the evidence showed that the walk had been out of repair for from one to four months and the city street commissioner had passed by it several times before the injury, and had ordered it repaired one or two days before the injury and the question of notice as shown by the testimony was submitted to the jury by correct instructions; held, sufficient to sustain the finding that the city had ample notice of the defective condition of the walk.

4. ————: ————: Instructions: Care Required on Cross-Walks.   It is the duty of the city to keep all of its walks in a reasonably safe condition for travel, and a party is not required to use greater care in passing over a cross-walk than upon any other walk.

5. APPELLATE PRACTICE: Contributory Negligence: Verdict of Jury.   Where the question of plaintiff's contributory negligence is one for the jury under the evidence, and was submitted to them by appropriate instructions, their verdict is binding on the appellate court.

139 App—43

6. **EVIDENCE: Instructions: Objections to Testimony.** Where incompetent testimony is allowed to go in without objection and the matter covered by such testimony is treated as an issuable fact, it is not error to refuse an instruction which, in effect, withdraws the objectionable testimony from the jury. This holding is on the theory that a party who allows testimony to go in without objection should not be heard to complain if a court should afterwards refuse to withdraw it.

Appeal from Greene Circuit Court.—*Hon. A. B. Lovan,* Special Judge.

AFFIRMED.

*J. H. Mason* and *O. E. Gorman* for appellant.

The question of contributory negligence is generally one for the jury to determine from the circumstances of the case. But where the facts are undisputed, and but one reasonable inference can be drawn from them, the question is one of law for the court and the case should be taken from the jury. Elliott's Roads and Streets, p. 681; Cooley on Torts, p. 670; Hesser v. Grafton, 33 W. Va. 548, 11 S. E. 211; Casset v. City of Fitchburg, 162 Mass. 321, 38 N. E. 499; Church v. Howard City, 111 Mich. 298, 69 N. W. 651; Diamond v. Kansas City, 120 Mo. App. 185; Wheat v. St. Louis, 179 Mo. 572.

*Hamlin & Seawell* for respondent.

The demurrer to the evidence was properly overruled. Mans v. Springfield, 101 Mo. 613; Granly v. City, 141 Mo. 180; Perrette v. Kansas City, 162 Mo. 238; Beauvis v. City, 169 Mo. 501; Williams v. City, 94 Mo. App. 549; Heether v. City, 121 Mo. App. 495; York v. Everton, 135 Mo. App. 607; Reed v. City, 101 Mo. App. 158; O'Leary v. City, 127 Mo. App. 77; Fischer v. City, 189 Mo. 567.

COX, J.—Action for damages alleged to have been received by plaintiff by reason of a fall upon a cross walk across Lynn street on the west side of Boonville

street in the city of Springfield. The evidence shows that this cross walk was constructed out of planks some twelve feet long, with cross pieces under the ends to which the planks had been nailed. That at the time of the accident, those cross pieces had rotted, the boards were then lying upon the ground and the ends, by the action of the sun, had cupped up, and that the plaintiff, in passing over this walk stepped near the end of one board which gave down with her weight. She then tripped upon the end of the other board, fell and was injured. Trial was had before a jury, resulting in a verdict for plaintiff for $750, and defendant has appealed.

Appellant contends that this cause ought to be reversed for the reason that the evidence conclusively shows that the plaintiff was guilty of contributory negligence, and, hence, cannot recover. It is also contended that the court committed error in refusing instructions asked by defendant.

Appellant asked an instruction in the nature of a demurrer to the testimony upon the theory that plaintiff's negligence would preclude a recovery. We have carefully gone over the testimony in this case, and do not think this position of appellant can be sustained by the testimony. Plaintiff testified that she knew that the boards on the walk cupped up at the ends, but did not know they were rotten underneath, and did not know that the boards would give down when stepped upon. That she and other persons had passed over this walk a number of times, and that on the occasion of the accident she was walking along with care as she usually did. The evidence also shows that this cross walk was located in a populous section of the city and was traveled over a great deal by residents of the city. These facts, if true, would not show the plaintiff guilty of contributory negligence, but rather would show that she was using proper care at the time of the accident. The fact that the boards were cupped up at the ends would not

necessarily convey information to the traveler that they were not supported underneath, and hence would give down if stepped upon. This point must be ruled against appellant.

The question of plaintiff's contributory negligence was one for the jury under the evidence, and was submitted to them by appropriate instructions. The jury found in her favor and that is binding upon us.

The next question is that of notice to the city of the defective condition of the walk, and opportunity to repair it before the injury. On this issue there was ample testimony that the walk had been out of repair a sufficient time that knowledge on the part of the city could be inferred therefrom. The only difficulty lies in the fact that a witness was permitted to testify that he had notified the city clerk of the condition of the walk sometime before the injury. It is now contended by appellant that it was no part of the duty of the city clerk to look after the repair of the city walks, and, hence, notice to him was not notice to the city, and an instruction to that effect was asked by defendants and refused by the court. We agree with the appellant that the city clerk was not the proper official to notify of the condition of the walk, but we are confronted with the following facts. When this testimony was offered it was allowed to go in without objection and defendant placed the city clerk on the stand to deny that such notice had been given him. After having treated the question of notice to the city clerk as an issuable fact during the taking of testimony, we are of the opinion that it was not error to refuse the instruction asked which told the jury that notice to the city clerk was not notice to the city. This instruction, if given, would have the same practical effect as one withdrawing the objectionable testimony from the jury, and a party who allows testimony to go in without objection, should not be heard to complain if a court should afterward refuse to withdraw it. [Maxwell v. Railway, 85 Mo. 95; Flannigan

Mill and Elevator Company v. Adams Grain Company, 115 Mo. App. 542, 90 S. W. 1035.]

In this case, the evidence showed that the walk had been out of repair for from one to four months and the city street commissioner had passed by it several times before the injury, and had ordered it repaired one or two days before the injury, and the question of notice, as shown by this testimony, was submitted to the jury by correct instructions, hence, the verdict could hardly have been otherwise than as it was, even if this objectionable testimony had been excluded.

The defendant also asked an instruction to the effect that plaintiff was required to exercise greater care while passing over a cross walk than upon an ordinary sidewalk. This instruction was refused, and, we think, rightly so. It is the duty of a city to keep all its walks in a reasonably safe condition for travel, and we know of no rule of law, nor can we see any reason that would justify the position that a party is required to use greater care upon a cross walk than upon any other walk.

The case was fairly tried; the evidence is ample to sustain the verdict and the judgment will be affirmed All concur.