HAMILTON COUNTY AGRICULTURAL SOCIETY v. HARRY HELMANN.

**Permanency of Injuries and Impairment of Earning Capacity of Person Assaulted not Admissible Unless Such Damages were Specially Averred.**

> In an action for damages for assault and battery evidence as to the permanency of the injuries received or impairment of earning capacity of the person assaulted is not admissible if such grounds of damage were not specially pleaded.

*Frank F. Dinsmore* and *Stanley W. Merrell,* for plaintiff.

*W. W. Bellew,* for defendant.

### SMITH, P. J.

This was an action in the court below to recover damages for assault and battery made upon defendant in error by a private policeman employed by plaintiff in error, who struck defendant in error upon the head with his mace while he was attending one of its "fairs" at Carthage, Ohio.

The allegation in the petition in respect to the act complained of is as follows:

"Plaintiff further avers that on said day aforesaid, he was sitting on the fence which encloses the race track on its ground, watching a balloon ascension which was then being given by said society, when the said Joseph

Hamilton County.

Werbel aforesaid, private policeman, appointed by, and in the employ of said defendant's society, without warning, struck and knocked plaintiff in the head with his mace, inflicting a cut three inches in length and otherwise beat this plaintiff about the body and dragged this plaintiff from about the place where he had been sitting, through and over the grounds of said defendant's society, to an exit gate of said grounds a distance of at least 1000 feet, and ejected this plaintiff from the grounds, fair and exhibition of said society.''

At the trial of the case evidence was allowed to be introduced as to the permanency of the injury received by the blow and of the impairment of the earning capacity of defendant in error. To the admission of this evidence objection is made upon the ground that these grounds of damages were not specially pleaded.

In 2 Sedgwick, Damages p. 607, general damages are held to be such as the law implies or presumes to have occurred from the wrong complained of. Special damages are such as really took place and are implied by law.

It is a well settled rule that in a civil action for assault and battery it is unnecessary to specifically allege such damages as are the necessary and usual consequences of the act complained of, and in an action to recover damages for assault and battery the plaintiff may recover such damages as are the natural result of his injury without specific averment. *Morgan* v. *Kendall,* 124 Ind. 454 [24 N. E. Rep. 143; 9 L. R. A. 445].

So in an action for assault and battery it is only necessary to set forth in the declaration such damages as the law will not presume to be the necessary or usual consequences of the injury complained of. 2 Enc. Pl. & Pr. 862.

It would seem, therefore, from the assault and battery as alleged in the petition, permanency of the injury and loss of time, or lack of earning capacity would not be the necessary and natural results thereof, and, therefore, to recover damages for the same they should be specially pleaded. In this regard they differ from humiliation, bodily pain and mental anguish, which would be the necessary and natural results of assault and

Agricultural Society v. Helmann.

battery and for which one might recover on a general plea of damage. The rule seems to be that only such damages as may be presumed necessarily to result immediately and directly from the blow or force inflicted, need not be particularly and specially set out in the declaration, *Birchard* v. *Booth,* 4 Wis. 67, and permanent mental disorder can not be said to be the ordinary results of an assault and battery and unless specially pleaded can not be proved. *Kuhn* v. *Freund,* 87 Mich. 545 [49 N. W. Rep. 867].

But the law infers bodily pain and suffering from personal injury and applies also to an injury to the feeling and mental anguish as results of personal injury. *Stewart* v. *Watson,* 133 Mo. App. 44 [112 S. W. Rep. 762].

Loss of time, labor and medical expense in such an action must be specially averred. 2 Bates, Pl. & Pr. 967; *O'Leary* v. *Rown,* 31 Mo. 117.

Under the evidence in the case we do not think that the consequences of permanent injury and impairment for work, necessarily flow from the act of assault and battery, and hold they should have been alleged in order to recover therefor.

We think the agency of the private policeman, who is alleged to have struck the blow, is sufficiently alleged in the complaint and we see no prejudicial error.in the charge of the court in this regard. In our view of the case, therefore, we are of the opinion that the court committed error in submitting to the jury the special charge relative to the recovery of damages for loss of time and diminished earning capacity; nor do we think that the trial court, in whose mind it was doubtful whether evidence of such damages could be introduced, could cure this error by reducing the amount of the verdict by such sum as he thought the verdict had been increased by the admission of incompetent evidence.

The various elements going to make up the verdict by way of damages could not be separated, and in such event a new trial should have been granted, as the question of the amount of recovery is solely for the jury.

Hamilton County.

We find nothing further in the charge prejudicial, and for the above reasons the judgment of the court below is reversed and a new trial granted.

**Swing** and **Jones, JJ.,** concur.